*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* I.C. MCKAY, Minor.

UNPUBLISHED
September 17, 2025
11:10 AM

No. 375047
Saginaw Circuit Court
Family Division
LC No. 24-000052-NA

Before: K. F. KELLY, P.J., and PATEL and FEENEY, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court order taking her minor child into protective custody. We affirm.

## I. FACTS

An amended petition[1] was filed in this case, alleging that on March 4, 2025, respondent-mother and respondent-father were involved in a domestic violence incident that occurred in front of their two-year-old child. Respondent-mother allegedly punched respondent-father and stabbed him with a key. Respondent-mother and respondent-father had consumed alcohol, and respondent-father appeared intoxicated. Respondent-mother was also reported to have not been taking her court-ordered medications. The police arranged for the child to be picked up by his maternal grandmother because respondent-mother was arrested and respondent-father stated that he needed to go to work.

---

[1] The original petition was filed on in October 2024, alleging domestic violence, substance use, and mental health issues regarding the child ICM. At the December 2, 2024 preliminary hearing, the adjudication was set for March 26, 2025. But due to events on March 4, 2025, the original petition was significantly expanded.

The next day, the trial court entered an ex parte order to take the child into protective custody. Respondent-mother now appeals.

## II. ORDER TO TAKE CHILD INTO PROTECTIVE CUSTODY

On appeal, respondent-mother argues that the trial court clearly erred by removing the child from her care and custody. We disagree.

### A. STANDARD OF REVIEW

"We review the trial court's decision to exercise jurisdiction for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004) (citation omitted). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 296-297.

### B. ANALYSIS

As an initial matter, respondent-mother appears as if she is appealing the trial court's March 12, 2025 order after removal hearing; however, she actually appealed the trial court's March 5, 2025 ex parte order to take the child into protective custody. In doing so, respondent-mother alleges that the trial court erred in removing the minor child from her custody because there was insufficient evidence to support the requirements of MCL 712A.13a(9) (criteria for placement of child in foster care) and MCR 3.965(C)(2) (criteria for placement of child in foster care). But because respondent-mother appealed the trial court's order to take the child into protective custody, the proper considerations are found under MCL 712A.2(b) (jurisdiction over juveniles) and MCR 3.963(B)(1) (criteria to take child into protective custody).

In this case, the trial court took jurisdiction over the child pursuant to MCL 712A.2(b)(1) and (2), which state, in relevant part, that a trial court may take jurisdiction over a minor child:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.

A trial court may issue an order to immediately take a child into protective custody when the court has reasonable cause to believe that all the following conditions exist, together with specific findings of fact:

(a) The child is at substantial risk of harm or is in surroundings that present an imminent risk of harm and the child's immediate removal from those surroundings is necessary to protect the child's health and safety. If the child is an Indian child who resides or is domiciled on a reservation, but is temporarily located off the reservation, the child is subject to the exclusive jurisdiction of the tribal court. However, the state court may enter an order for protective custody of that child when it is necessary to prevent imminent physical damage or harm to the child.

(b) The circumstances warrant issuing an order pending a hearing in accordance with:

(i) MCR 3.965 for a child who is not yet under the jurisdiction of the court, or

(ii) MCR 3.974(C) for a child who is already under the jurisdiction of the court under MCR 3.971 or 3.972.

(c) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

(d) No remedy other than protective custody is reasonably available to protect the child.

(e) Continuing to reside in the home is contrary to the child's welfare. [MCR 3.963(B)(1).]

In this case, the referee had reasonable cause to believe that the conditions listed in MCL 712A.2(b)(1), MCL 712A.2(b)(2), and MCR 3.963(B)(1) existed because the petition for removal provided that it was contrary to the welfare of the child to remain in respondent-mother's care due to ongoing and chronic domestic violence, substance abuse, and mental health issues.

The petition detailed that respondent-father was injured in, and respondent-mother was arrested for, the recent domestic violence incident where the child was present. The petition also explained that at the time of the incident, both respondents had consumed alcohol, and respondent-mother had not been taking her court-ordered mental health medications. The petition further detailed Children's Protective Services (CPS) prior involvement with respondent-mother, including: (1) respondent-mother's lack of compliance with mental health treatments; and (2) doctor's statements indicating that respondent-mother "is very delusional and psychotic when she is not taking her medications" and "would not be able to care for herself, let alone safely care for [the child] if she were not [sic] stop her medications."

Furthermore, the referee clearly made the findings required by MCR 3.963(B) in the order to take the child into protective custody. The order included that: (1) the child was at substantial risk of harm or was in surroundings that presented an imminent risk of harm, (2) immediate removal from those surroundings was necessary to protect the child's health and safety, and (3) the circumstances warranted issuing the order. The referee specifically found that continuing to reside in the home was contrary to the child's welfare because of the following:

The respondent parents engaged in a domestic violence incident on March 4, 2025. This is the second noted incident of domestic violence that has occurred in [the child's] presence. [Respondent-mother] was arrested at that time. Allegations included that [respondent-mother] stabbed [respondent-father] with a key or other object. She also has not been taking her medication. . . . The specific and imminent risk of harm to [the child] includes:

l. Substance abuse issues present a significant and imminent risk of harm to [the child] due to his age and his father being intoxicated at the time of the incident. [The child] is of a tender age where he is unable to provide for his own daily needs of food, clothing, housing, or necessary medical care. As a result, [the child] could be harmed, which may result in his death or serious injury.

2. [The child's] life, physical health, emotional, or mental well-being could be harmed by being in the presence of domestic violence occurring around him, as well as by observing domestic violence being inflicted upon his parent.

3. Mental health issues present a significant and imminent risk of harm to [the child], as when [respondent-mother] is not on medication, her mental capacities could affect her ability to provide for [the child's] daily needs of food, clothing, housing, or necessary medical care. Should that occur, [the child] could be harmed, which may result in his death or serious injury.

The order also included that no remedy other than protective custody was reasonably available to protect the child and that consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child, including ongoing services from CPS, law enforcement contact and investigation, safety planning, team decision making meetings, and Community Mental Health services.

Because the referee had reasonable cause to believe that the conditions required for removal existed, and the required findings were made, we are not left with a definite and firm conviction that a mistake was made. Accordingly, the trial court did not clearly err in issuing the order to take the minor child into protective custody. See *In re BZ*, 264 Mich App at 295-297.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Sima G. Patel
/s/ Kathleen A. Feeney